**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| FELIX ORIAKHI, | **Hon. Jerome B. Simandle** |
| Plaintiff, | Civil No. 11-5648 (JBS) |
| v. |  |
| UNITED STATES OF AMERICA, | **OPINION** |
| Defendants. |  |

**APPEARANCES**:

    FELIX ORIAKHI, #51338-079
    FCI Fort Dix
    P.O. 7000
    Fort Dix, NJ 08640
    Petitioner Pro Se

**SIMANDLE, District Judge**:

    Felix Oriakhi, a federal prisoner confined at FCI Fort Dix, filed another Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his imprisonment pursuant to a federal sentence imposed in 1990 by the United States District Court for the District of Maryland.  Having thoroughly reviewed the Petition, as well as the docket in the underlying criminal proceeding, this Court will summarily dismiss the Petition for lack of jurisdiction.

**I.  BACKGROUND**

    Petitioner challenges his incarceration pursuant to an aggregate 460-month term of imprisonment imposed by judgment

entered in <u>United States v. Oriakhi</u>, Crim. No. 90-0072 (D. Md.), <u>aff'd</u> 953 F. 2d 640 (4th Cir. 1992 (table), after a jury found him guilty of one count of conspiracy to possess and distribute heroin and four counts of interstate travel in furtherance of an unlawful conspiracy to possess and distribute heroin.  The Fourth Circuit affirmed the conviction in 1992.  <u>Id.</u>  The District Court denied his first motion to vacate the judgment in 1992.  See <u>Oriakhi v. United States</u>, Civ. No. 92-2243 (D. Md.).  Since 1992, Oriakhi has filed many unsuccessful challenges to his conviction and sentence under § 2255 and § 2241, as well as applications to file a successive § 2255 motion.  See <u>Oriakhi v. United States</u>, Civ. No. 09-3374 (RMB) opinion (D.N.J. July 16, 2009) (listing cases).

Petitioner, who is now confined at FCI Fort Dix in New Jersey, executed a form § 2241 petition on September 23, 2011, 2011.  Petitioner challenges his conviction and sentence on three grounds:  (1) counsel was constitutionally ineffective in failing to advise him of the deportation consequences of his conviction; (2) the sentence violated the Sixth Amendment and due process because the sentencing judge increased the sentence based on the drug quantity that was not found beyond a reasonable doubt by a jury or set forth in the indictment; and (3) counsel was constitutionally ineffective in failing to seek a remedy for

violation of Article 36 of the Vienna Convention to Consular Relations. (Dkt. 1 at 2-3.)

## II. DISCUSSION

A. Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. See Davis v. United States, 417 U.S. 333 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). This is because 28 U.S.C. § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective." [1] See 28 U.S.C. § 2255(e). Specifically, § 2255(e) provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for

---

[1] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977).

> relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971); Application of Galante, 437 F.2d 1164 (3d Cir. 1971) (per curiam); United States ex rel. Lequillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F. 3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade the statute of limitations under § 2255 or the successive petition bar. Id. at 539.

Here, Petitioner's claims are within the scope of claims cognizable under § 2255, and thus he may not seek relief under § 2241 unless the remedy under § 2255 is inadequate or ineffective. Section 2255 is not inadequate or ineffective for Petitioner's

4

claims, however, because he does not contend that, as a result of a Supreme Court decision issued subsequent to his § 2255 motion, the conduct for which he was convicted is now non-criminal. See Dorsainvil, 119 F. 3d at 250 ("A Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent") (quoting Davis v. United States, 417 U.S. 333, 346 (1974)); Costigan v. Yost, 334 Fed. App'x 460 (3d Cir. 2009) (safety valve of § 2241 does not apply to Booker claims); Massey v. United States, 581 F. 3d 172 (3d Cir. 2009) (petitioner may not challenge federal sentence on Booker grounds via a writ of audita querela); Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) ("Apprendi dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was convicted, not criminal. Accordingly, under our In re Dorsainvil decision, § 2255 was not inadequate or ineffective for Okereke to raise his Apprendi argument"). Because § 2255 is not an inadequate or ineffective remedy for Petitioner's claims, this Court lacks jurisdiction to entertain his challenges to his conviction and sentence under § 2241 and will dismiss the Petition for lack of jurisdiction.

### III. CONCLUSION

The Court dismisses the Petition for lack of jurisdiction.

                                         **s/ Jerome B. Simandle**
                                         **JEROME B. SIMANDLE**
                                         District Judge

Dated:   September 30   , 2011