**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| FELIX ORIAKHI, | : | **Hon. Jerome B. Simandle** |
|  | : |  |
| Plaintiff, | : | Civil No. 11-5648 (JBS) |
|  | : |  |
| v. | : |  |
|  | : |  |
| UNITED STATES OF AMERICA, | : | **OPINION** |
|  | : |  |
| Defendants. | : |  |

**APPEARANCES:**

    FELIX ORIAKHI, #51338-079
    FCI Fort Dix
    P.O. 7000
    Fort Dix, NJ 08640
    Petitioner Pro Se

**SIMANDLE, Chief Judge:**

    Felix Oriakhi, a federal prisoner confined at FCI Fort Dix, filed a motion for release on bail pending appeal from this Court's Order dismissing his Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. As the Third Circuit has affirmed the Order of dismissal, and for the reasons expressed in this Opinion, this Court will deny the motion.

**I.   BACKGROUND**

    The Petition for Writ of Habeas Corpus challenged Oriakhi's incarceration pursuant to an aggregate 460-month term of imprisonment imposed by judgment entered in United States v. Oriakhi, Crim. No. 90-0072 (D. Md.), aff'd 953 F. 2d 640 (4th

Cir. 1992 (table), after a jury found him guilty of one count of conspiracy to possess and distribute heroin and four counts of interstate travel in furtherance of an unlawful conspiracy to possess and distribute heroin.  The Fourth Circuit affirmed the conviction in 1992.  Id.  The District Court denied his first motion to vacate the judgment in 1992.[1]  See Oriakhi v. United States, Civ. No. 92-2243 (D. Md.).  The Petition raised three grounds:  (1) counsel was constitutionally ineffective in failing to advise him of the deportation consequences of his conviction; (2) the sentence violated the Sixth Amendment and due process because the sentencing judge increased the sentence based on the drug quantity that was not found beyond a reasonable doubt by a jury or set forth in the indictment; and (3) counsel was constitutionally ineffective in failing to seek a remedy for violation of Article 36 of the Vienna Convention to Consular Relations.  This Court summarily dismissed the Petition for lack of jurisdiction because Oriakhi had not shown that the remedy under 28 U.S.C. § 2255 was inadequate or ineffective for his claims.  See 28 U.S.C. § 2255(e); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).

---

[1] Since 1992, Oriakhi has filed many unsuccessful challenges to his conviction and sentence under § 2255 and § 2241, as well as applications to file a successive § 2255 motion.  See Oriakhi v. United States, Civ. No. 09-3374 (RMB) opinion (D.N.J. July 16, 2009) (listing cases).

Oriakhi appealed.  Oriakhi filed his motion for release on bail pending appeal on January 5, 2012.  In an opinion filed June 14, 2012, the Third Circuit affirmed, reasoning as follows:

> [T]he fact that Oriakhi may be unable to meet § 2255's gatekeeping requirements for filing a second or successive § 2255 motion does not render a § 2255 motion "inadequate or ineffective."  In his response to possible summary action, Oriakhi contends that the District Court had jurisdiction to entertain his petition under United States v. Orocio, 645 F.3d 630 (3d Cir. 2011), which held that Padilla v. Kentucky 130 S.Ct. 1474 (2010), applies retroactively to cases on collateral review.  Orocio, however, involved a petition for a writ of error coram nobis brought by a petitioner who was no longer in custody, not a § 2241 petition, and did not address the jurisdictional issue presented here.  We have allowed a petitioner to challenge a conviction in a § 2241 petition in the unusual case where his conduct may no longer be criminal under a decision issued after his § 2255 proceedings concluded.  In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).  This is not the case here.

(Dkt. 13-1 at 3.)

## II.  DISCUSSION

In the motion for bail, Oriakhi relies on Landano v. Rafferty, 970 F.2d 1230 (3d Cir. 1992), United States v. Miller, 753 F.2d 19 (3d Cir. 1985), and 18 U.S.C. § 3143.  Aside from the fact that the Third Circuit affirmed this Court's Order dismissing Oriakhi's habeas petition, neither the cases nor the statute he cites support his motion for release.  Landano does not apply because it concerned the standard for granting release on bail to a state prisoner while his petition for habeas corpus was stayed pending the exhaustion of state remedies.  See

3

Landano, 970 F.2d at 1240 ("[W]e turn to examine the reasons given by the district court in this case in holding that Landano, a state prisoner, would be granted bail while he pursued his exhaustion of state remedies"). Miller does not apply because that case involved the statutory criteria for granting bail to a person convicted of a federal crime while he or she pursued a direct appeal. Similarly, 8 U.S.C. § 3143 governs release of a person who has been found guilty of a federal offense who is awaiting imposition or execution of the sentence, and release of a person who has been found guilty of a federal offense pending direct appeal. See 18 U.S.C. § 3143(a) and (b). In any event, even if there were authority for this Court to order Oriakhi's release on bail pending appeal of an order denying a writ of habeas corpus under 28 U.S.C. § 2241, the question has been rendered moot since the Third Circuit has affirmed this Court's Order. This Court will accordingly deny the motion.

### III.  CONCLUSION

The Court denies the motion for release on bail pending appeal.

 s/ Jerome B. Simandle
**JEROME B. SIMANDLE**
Chief Judge

Dated:   **September 18, 2012**